# Exhibit A

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                                                 SUPERIOR COURT DEPT.
                                                                           CIVIL ACTION NO. _____

| | |
|---|---|
| DWIGHT BEATTY,<br><br>      Plaintiff<br><br>v.<br><br>WHEELABRATOR TECHNOLOGIES INC.,<br><br>      Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### PARTIES

1.      Plaintiff, Dwight Beatty ("Beatty"), is a natural person with a last and usual residence located at 6 Rio Drive, Gloucester MA 01930.

2.      Defendant, Wheelabrator Technologies Inc. ("Wheelabrator"), is a foreign corporation with a principal place of business located at 1 00 Arboretum Drive, Suite 310, Portsmouth, New Hampshire, 03801.

### JURISDICTION AND VENUE

3.      Pursuant to G.L. c. 223, §§ 1 and 8, this action is properly brought in Essex County, where Wheelabrator has a facility and where Beatty worked. All or almost all of the actions giving rise to this claim took place in Essex County, Massachusetts.

### FACTS

1.      Beatty is an experienced senior-level operations manager with over thirty years' experience in the waste-to-energy industry.

1

2. Wheelabrator is in the business of converting solid waste and other renewable waste fuels into clean energy.

3. Beatty worked as an operations manager for Wheelabrator from 1989 to 2004.

4. In or about November of 2018, Beatty rejoined Wheelabrator as an operations manager at their Portsmouth, Virginia plant.

5. In or about March of 2018, Wheelabrator's vice president of operations, asked Beatty if he would consider relocating to manage Wheelabrator's Saugus, Massachusetts plant.

6. Beatty agreed to the relocation and Wheelabrator agreed to provide him with a $165,000 annual salary plus a bonus of 22.5%. Wheelabrator further agreed to provide Beatty with a relocation benefit in the amount of $35,000.

7. In or about April of 2019, Beatty began his position at the Saugus plant.

8. Due to the short notice of the relocation, Beatty left his wife Janine in Missouri and spent the first several months of his tenure at Wheelabrator's Saugus plant living in a hotel.

9. In reliance upon Wheelabrator's representations, in or about August of 2019, Beatty sold his home in Missouri.

10. In or about August of 2019, Beatty exhausted his relocation benefit but was still incurring expenses related to the relocation.

11. On or about August 20, 2019, Beatty notified the vice president of Wheelabrator's waste energy division, Peter DiCecco ("DiCecco"), that he was still incurring relocation expenses and requested additional relocation monies. In response, DiCecco directed Beatty to:

> (S)tart expensing the movers cost, hotel and per diem as a business expense on your T&E card. I will also follow up with Donna (T&E Manager) to ensure the credit limits and authorities are in place for this additional spend.

See Exhibit A, appended hereto.

12. That same day, the manager of accounts payable at Wheelabrator, Donna Szczechowicz, also directed that Beatty be granted additional relocation monies. See <u>Exhibit B</u>, appended hereto.

13. Thereafter, Beatty used his Wheelabrator account to pay his additional relocation expenses.

14. On or about August 20, 2019, there was a change in senior-level Wheelabrator management.

15. In reliance upon Wheelabrator's representations, in or about September of 2019, Beatty purchased a home in Gloucester, Massachusetts. Thereafter, Janine joined Beatty in their Gloucester, Massachusetts home.

16. In or about November of 2019, Beatty was notified by Hiltz Moving & Storage ("Hiltz"), the storage company that was temporarily holding his belongings, that Wheelabrator was refusing payment on Beatty's behalf.

17. On or about November 26, 2019, a Hiltz representative forwarded Beatty an email from Wheelabrator Human Resources representative Alexis Rotkiewicz ("Rotkiewicz") in which Rotkiewicz stated the following:

> I'm not sure who said to contact me but Dwight is responsible for paying his bill so please work with him directly on payment and **take the necessary measures that need to be taken if you don't receive payment**. This is not on Wheelabrator to pay…(emphasis added).

See <u>Exhibit C</u>, appended hereto.

18. The Hiltz representative also stated:

> She [Rotkiewicz] was very clear. Says there is no upper management approval and that You had no authority to contract in Wheelabrator's name. **In fact, she used the word "fraud".**

Stated that you and Janine both know you're responsible for the charges and that you have in fact already acknowledged that and agreed to pay directly. **She strongly urged hiring an attorney to seek recovery if you do not**...(emphasis added).

Id.

19. For several weeks thereafter, Beatty sought to have this matter amicably resolved, during which time several senior-level Wheelabrator representatives apologized to Beatty for the "misunderstanding" and his resulting unfair treatment.

20. Nevertheless, on or about December 18, 2019, Wheelabrator terminated Beatty's employment without severance and without paying Beatty's bonus, which was scheduled to have been paid to him in a matter of weeks.

21. Thereafter, Beatty was stranded, without a job, in a state to which he otherwise would not have moved.

22. Further, Beatty is now saddled with thousands of dollars in relocation bills which Wheelabrator promised to pay and which could result in legal action against him (a possibility which Wheelabrator representatives recommended) and many of his items have been repossessed and/or are locked in storage containers that he is barred from accessing.

## COUNT I
## PROMISSORY ESTOPPEL

23. All allegations set forth above are restated and realleged as if set forth in full herein.

24. Massachusetts law permits recovery under promissory estoppel if: (1) a promisor makes a promise which he should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee; (2) the promise does induce such action or forbearance; and (3) injustice can be avoided only by enforcement of the promise.

25. Defendant made a promise, which it should have reasonably expected to induce action on behalf of the plaintiff, such promise induced action by the plaintiff as set forth above, and injustice can be avoided only by enforcement of that promise.

26. Plaintiff has been harmed thereby, and demands just compensation therefor.

## COUNT II
## BREACH OF THE IMPLIED COVENANTS OF GOOD FAITH AND FAIR DEALING

27. All allegations set forth above are restated and realleged as if set forth in full herein.

28. By reason of the foregoing, the defendant has breached the covenants of good faith and fair dealing, which were implied in the employment relationship between it and the plaintiff. Even at-will employment contains an implied covenant of good faith and fair dealing, and a termination not made in good faith constitutes a breach of the contract.

29. Defendant induced the plaintiff into relocating to Massachusetts and promised to pay him for his relocation expenses. For several months thereafter, the plaintiff worked, on average, sixteen hour days for the defendant without taking a day off. Defendant management then: (1) reneged on their promise to pay for the plaintiff's relocation expenses; (2) recommended third parties take legal action against the plaintiff; and (3) terminated the plaintiff's employment just prior to his bonus being due.

30. As a result of the defendant's breach of the implied covenants of good faith and fair dealing, the plaintiff has suffered substantial damages as hereinbefore alleged.

## COUNT III
## UNJUST ENRICHMENT

31. All allegations set forth above are restated and realleged as if set forth in full herein.

32. For all of the reasons set forth above, the defendant has been unjustly enriched at the expense of the plaintiff and plaintiff demands compensation therefor.

33. Plaintiff conferred upon the defendant a measurable benefit, which the defendant accepted without providing value in return.

34. Plaintiff has been harmed thereby, and demands just compensation therefor.

## COUNT V
## DEFAMATION

35. All allegations set forth above are restated and realleged as if set forth in full herein.

36. Agents of the defendant stated that plaintiff had committed "fraud" and recommended that potential criminal action be taken against him.

37. These false, unprivileged accusations were made purposely to delegitimize the plaintiff's claims and injure his reputation.

38. Plaintiff has been harmed thereby, and demands just compensation therefor.

WHEREFORE the plaintiff respectfully requests that this Honorable Court:

1. Award damages against the defendant with interest and costs, in an amount to be determined by the Court;
2. Award the plaintiff compensation for his financial losses and other damages in an amount to be determined at trial; and
3. Award the plaintiff such additional relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts of the complaint so triable.

Respectfully submitted,

DWIGHT BEATTY
Plaintiff

By his attorney,

*[signature]*

Travis T. Pregent, Esq. (BBO #682998)
PREGENT LAW
One State Street, Suite 1200
Boston, MA 02109
(978) 381-3256
travis@pregentlaw.com

Date: June 24, 2020

# Exhibit A

**From:** Peter DiCecco
**Sent:** Tuesday, August 20, 2019 11:26 AM
**To:** Dwight Beatty <dbeatty@wtienergy.com>
**Subject:** RE: Relocation

As discussed, please start expensing the movers cost, hotel and per diem as a business expense on your T&E card. I will also follow up with Donna (T&E Manager) to ensure the credit limits and authorities are in place for this additional spend. Thanks

Peter B. DiCecco
VP | WTE
Wheelabrator Technologies
100 Arboretum Drive, Suite 310 | Portsmouth, NH 03801
Office 603 929 3254
Cell 508 277 7109
**www.wtienergy.com** | Twitter @WTIEnergy

# Exhibit B

**From:** Donna Szczechowicz <dszczech@wtienergy.com>
**Sent:** Tuesday, August 20, 2019 1:34 PM
**To:** Scott Wentworth <swentwo1@wtienergy.com>; Dwight Beatty <dbeatty@wtienergy.com>
**Cc:** Peter DiCecco <pdicecco@wtienergy.com>
**Subject:** FW: Relocation

Dwight, I will increase your T&E limit this afternoon.

Scott, please work with Dwight on whether his t&e expenses will need to be reclassed.

Thank you,


Donna Jones
(Formerly Donna Szczechowicz)
Manager | Accounts Payable
Wheelabrator Technologies
100 Arboretum Drive, Suite 310 | Portsmouth, NH  03801
Tel 603 929 3130 |
www.wtienergy.com | Twitter @WTIEnergy

# Exhibit C

-----Original Message-----
From: Alexis Rotkiewicz [mailto:arotkiewicz@wtienergy.com]
Sent: Tuesday, November 26, 2019 3:33 PM
To: Hiltz Moving & Storage
Subject: Re: Hiltz Moving & Self Storage Docs - re OUTSTANDING BALANCE PART 1 of 2

Hi Tracy-

I'm not sure who said to contact me but Dwight is responsible for paying his bill so please work with him directly on payment and take the necessary measures that need to be taken if you don't receive payment. This is not on Wheelabrator to pay.

-----Original Message-----
From: Dwight Beatty [mailto:dbeatty@wtienergy.com]
Sent: Tuesday, November 26, 2019 4:19 PM
To: Hiltz Moving & Storage; Roger Boisse
Subject: RE: REFUSAL TO PAY BY WHEELABRATOR???

Tracy,
I will look into this tomorrow. I can only tell you that I have been assured by two standing VP's of the company that my expenses will be taken care of. Alexis is in charge of the relocation portion of all moves within the company. She is adamant about not covering my expenses while my senior VPs have authorize it. I am not sure what is going on at this point.

From: Hiltz Moving & Storage <info@hiltzmoving.com>
Sent: Tuesday, November 26, 2019 4:29 PM
To: Dwight Beatty
Cc: Roger Boisse
Subject: RE: REFUSAL TO PAY BY WHEELABRATOR???

\*\*\* EXTERNAL email. Please be cautious and evaluate before you click on links, open attachments, or provide credentials. \*\*\*

She was very clear. Says there is no upper management approval and that
You had no authority to contract in Wheelabrator's name. In fact, she used the word "fraud".

Stated that you and Janine both know you're responsible for the charges and that you have in fact
already acknowledged that and agreed to pay directly.
She strongly urged hiring an attorney to seek recovery if you do not.

Said the offices close at noon tomorrow.
Hiltz Moving & Storage
Agent for National Van Lines
Phone: (978) 283-2520
Fax: (978) 281-3336

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                                   SUPERIOR COURT DEPT.
                                                             CIVIL ACTION NO. 2077-CV-00607

|  |  |
|---|---|
| DWIGHT BEATTY, | ) |
| Plaintiff | ) |
| v. | ) |
| WHEELABRATOR TECHNOLOGIES, INC., | ) |
| Defendant | ) |

## AFFIDAVIT OF ACCEPTANCE OF SERVICE

I, Chad E. McDaniel, counsel for the defendant, Wheelabrator Technologies, Inc., in the above referenced action, hereby accept service of the <u>Complaint</u> and <u>Summons</u> on this Fifteenth day of July 2020.

Signed under the penalties of perjury this 15th day of July, 2020.

                                                        /s/ Chad E. McDaniel

                                                        Chad E. McDaniel ((BBO # 697649)
                                                        **Littler Mendelson, PC**
                                                        One International Place, Suite 2700
                                                        Boston, MA 02110
                                                        Cmcdaniel@littler.com

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2077CV00607 C | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| **PLAINTIFF(S):** Dwight Beatty <br> **ADDRESS:** 6 Rio Drive, Gloucester, MA 01930 | | **COUNTY** Essex |
| | **DEFENDANT(S):** Wheelabrator Technologies, Inc. | |
| **ATTORNEY:** Travis T. Pregent <br> **ADDRESS:** Pregent Law, One Hundred Cummings Center, STE 207P, <br> Beverly, MA 01915 | **ADDRESS:** 100 Arboretum Drive, Suite 310, Portsmouth, New Hampshire, 03801 | |
| **BBO:** 682998 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A99 | Other Contract/Business Action | F | [X] YES   [ ] NO |

**\*If "Other" please describe:** Promissory Estoppel, Breach of Implied Covenant of Good Faith and Fair Dealing, among other causes of action.

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses .............................................................................................................. $ _____
  2. Total doctor expenses ................................................................................................................ $ _____
  3. Total chiropractic expenses ........................................................................................................ $ _____
  4. Total physical therapy expenses ................................................................................................ $ _____
  5. Total other expenses (describe below) ...................................................................................... $ _____
        Subtotal (A): $ _____
B. Documented lost wages and compensation to date ................................................................................. $ _____
C. Documented property damages to dated ................................................................................................ $ _____
D. Reasonably anticipated future medical and hospital expenses ................................................................ $ _____
E. Reasonably anticipated lost wages .......................................................................................................... $ _____
F. Other documented items of damages (describe below) ........................................................................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$ _____

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
Reliance damages and unpaid wages/bonus

**TOTAL: $** 500,000+

**Signature of Attorney/Pro Se Plaintiff: X** _[signature]_     **Date:** 6.24.20

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18
I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record: X** _[signature]_     **Date:** 6.24.20

_[Filed stamp: ESSEX SUPERIOR COURT FILED 2020 JUN 26 A 11:03]_